UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


United States of America,                                          Case No. 3:19-cr-216

          Plaintiff,

    v.                                                                       MEMORANDUM OPINION
                                                                                 AND ORDER

Tyrone William Powell,

          Defendant.


## I.    INTRODUCTION AND BACKGROUND

Defendant Tyrone William Powell seeks to suppress evidence obtained during a search of his home. (Doc. No. 11). The government opposes Powell's motion. (Doc. No. 14).

On June 21, 2018, Jeff Arnold, the plant manager at the Adient facility in Northwood, Ohio, reported a theft to the Northwood Police Department. A few days earlier, Arnold had discovered someone had opened a pallet of new tools at the plant. After conducting an inventory of the pallet, Adient employees discovered 18 Atlas Copco Nutrunners (a pneumatic torque wrench Adient uses in the assembly of Jeep and Chrysler vehicles) were missing. Arnold determined some of the missing tools were listed on eBay.

Northwood Police Detective Sergeant Tina Barrett learned the tools were listed on an eBay account belonging to Powell. Arnold identified other items listed on Powell's account which might be Adient's property as well and provided Barrett with a list of tools and electronics Powell may

1

have taken from the plant and sold on eBay. Barrett obtained a search warrant and coordinated with the Perrysburg Township, Ohio Police Department, where Powell lived, to execute the warrant.

Officers arranged for an Adient employee to accompany them while executing the search warrant, in order to assist officers in recognizing which items in Powell's home might be Adient's equipment. (Doc. No. 14-2 at 8). One of the items the Adient employee identified during the search was a laptop in one of the bedrooms. The employee told officers it was similar to a model used by Adient engineers a few years earlier. (Doc. No. 14-2 at 8). Northwood Police Detective John Kersker tapped the mouse touchpad to shut down the computer, which was on with a black screen. The laptop screen came on, revealing what Kersker believed to be child pornography. Officers contacted FBI agents with the Northwest Ohio Crimes Against Children Task Force and obtained a second search warrant from a state court judge. The FBI later obtained a federal search warrant for the laptop and other electronic devices seized from Powell's home. Powell subsequently was indicted on one court of possession of child pornography in violation of 18 U.S.C. § 2252(a).

## II.     DISCUSSION

Powell contends the evidence discovered on his laptop must be suppressed because (1) the Adient employee was conducting "a private search separate and apart from the presence of law enforcement," (2) officers continued to search his home after finding the property described on the search warrant, and (3) therefore, the second search warrant was issued based upon illegally-obtained information. (Doc. No. 11 at 4-6). Powell's arguments are not persuasive.

As Powell concedes, (Doc. No. 11 at 4), the Fourth Amendment and federal statutory law permit a private citizen to accompany police officers as they execute a search warrant. *See, e.g., United States v. Clouston*, 623 F.2d 485 (6th Cir. 1980) (per curiam) (government agents properly seized telephone company property identified by assisting telephone company agents, even though warrant did not list telephone company property); 18 U.S.C. § 3105 ("A search warrant may in all

cases be served by any of the officers mentioned in its direction or by an officer authorized by law to serve such warrant, but by no other person, except in aid of the officer on his requiring it, he being present and acting in its execution."). While a federal criminal procedure statute like § 3105 "does not apply to state agents serving state search warrants," *United States v. Pelayo-Landero*, 285 F.3d 491, 498 (6th Cir. 2002), federal courts have repeatedly concluded the mere presence of a private person during the execution of a search warrant does not violate the Fourth Amendment. *See, e.g., United States v. Robertson*, 21 F.3d 1030, 1034-35 (10th Cir. 1994) (citing *Clouston*, 623 F.2d at 486-87).

Ohio law requires that a search warrant be issued by a judge to a law enforcement officer. Ohio Crim. R. 41(A), (C). A "law enforcement officer" under Ohio law is an officer or employee of a state agency or political subdivision with authority to arrest individuals who violate the law. Ohio Crim. R. 2(J). While a state law enforcement officer must execute a search warrant issued by an Ohio court, that officer may be accompanied by an individual who does not fall within the definition of "law enforcement officer." *See, e.g., Ohio v. Joiner*, 2003-Ohio-3324, 2003 WL 21468900, at *3 (Ohio Ct. App. June 26, 2003) (upholding denial of motion to suppress where DEA agent accompanied local law enforcement executing a search warrant).

Therefore, both the Fourth Amendment and Ohio law permitted the Ohio law enforcement officers to request that the Adient employee assist them with identifying Adient's property during the execution of the search warrant at Powell's home, so long as the scope of the employee's assistance was reasonable. The level of assistance or involvement that "is reasonable depends and may vary based upon the particular circumstances of the situation in question." *Pelayo-Landero*, 285 F.3d at 498 (citing *Wilson v. Arkansas,* 514 U.S. 927, 933 (1995)).

I conclude the Adient employee's assistance during the search was reasonable. Powell had installed video cameras inside of his home and at least one of the cameras recorded the movements and activity of the police officers and the Adient employee. (*See* Doc. No. 15). While it is true law

3

enforcement officers may not permit a private person to accompany them where that individual is acting for "his own purposes involving the recovery of . . . property not mentioned in any warrant," *Bills v. Aseltine*, 958 F.2d 697, 702 (6th Cir. 1992), or is seeking "items unrelated to those specified in the warrant," *Buonocore v. Harris*, 65 F.3d 347, 356 (4th Cir. 1995), that is not what occurred during the search of Powell's home.

The surveillance video shows there was no point during the search in which the Adient employee was left alone "to conduct his own 'inspection tour.'" (Doc. No. 11 at 4). Officers arrived at Powell's home shortly before 7:00 p.m. They spoke to Powell, eventually escorting him from the house, and walked through the house. (Doc. No. 15 at 6:58 p.m. – 7:13 p.m.). The Adient employee first appeared on the video at 7:13:34 p.m.

The video shows a police officer entering a room through the first doorway on the left of the kitchen, where the laptop in question eventually was discovered, at 7:12:15 p.m. and exiting approximately 45 seconds later. Only after this did the Adient employee stand in the doorway and point at something in the room, at 7:13:47 p.m. (Doc. No. 15). A few minutes later, an officer re-entered the bedroom, followed shortly thereafter by the Adient employee. (Doc. No. 15 at 7:26:22; 7:26:44). This pattern continues throughout the house for approximately another hour, with the Adient employee remaining within a few feet of a police officer.

The video reveals only one instance in which the employee entered an area of the house before a police officer. This instance occurred only after Barrett directed the Adient employee to go to the second room on the left of the kitchen, by pointing at that room. (Doc. No. 15 at 8:31:43). Barrett followed the employee into that room approximately ten seconds later. The footage Powell's equipment recorded defeats his claim that the Adient employee "conducted a private search separate and apart from the presence of law enforcement." (Doc. No. 11 at 4).

4

Nor did officers needlessly continue searching Powell's home after locating property described in the warrant, as Powell insists.  (*See* Doc. No. 11 at 5-6).  The search warrant authorized officers to search for a lengthy list of tools and electronics, including computers or other equipment which "could be used to post items for sale on eBay."  (Doc. No. 14-1 at 1).

Moreover, while a "search pursuant to a valid warrant may devolve into an invalid general search if the officer flagrantly disregards the limitations of the search warrant, . . . an officer flagrantly disregards the limitations of a warrant only where he exceeds the scope of the warrant in the places searched (rather than the items seized.)"  *United States v. Garcia*, 496 F.3d 495, 507 (6th Cir. 2007) (internal citations, quotation marks, and alterations omitted) (emphasis removed).  The officers limited their search to the places described in the warrant.  (*See* Doc. No. 14-1 at 1).

Finally, the Adient employee identified the laptop as possibly being one taken from Adient within minutes of his entry into the house and less than half an hour after officers arrived at Powell's house to execute the search warrant.  (*See* Doc. No. 15).

Powell fails to establish officers exceeded the boundaries of the search warrant by seizing his laptop when the search warrant expressly permitted officers to search for laptop computers within Powell's home, (Doc. No. 14-1 at 1), or that the Adient employee's conduct was unreasonable.  Therefore, he fails to show the second search warrant was issued based upon illegally-obtained information.

### III.   CONCLUSION

For these reasons, I deny Powell's motion to suppress.  (Doc. No. 11).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
